# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUAN C. RAYMUNDO, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case No. 03-10103-01-WEB |
| ) | 05-3239-WEB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner Juan Raymundo, to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255. A review of the record reflects that Petitioner pleaded guilty on November 3, 2003 to one count of possession with intent to distribute 166 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and judgment was entered for Petitioner to serve 87 months in prison on March 4, 2004. (Doc. 28, 36). Despite having waived his appellate rights in the plea agreement, Petitioner filed a direct appeal on March 10, 2004 alleging that this Court erred by applying a two level enhancement for reckless endangerment during flight. (Doc. 37, 58). On July 20, 2004 the Tenth Circuit held that the waiver of appellate rights was enforceable and dismissed Petitioner's direct appeal. (Doc. 58).

On May 20, 2005, Petitioner timely filed this action under 28 U.S.C. § 2255. Petitioner alleges that under *Blakely* and *Booker* his two level sentence enhancement exceeds the statutory maximum and is unconstitutional. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S.

\_, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).

When Petitioner signed the plea agreement, he also agreed to waive his ability to collaterally appeal. (Doc. 28). The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellate rights in the plea agreement. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). To hear such an appeal on the merits the Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein". *Id.*

Similar to his argument on direct appeal, Petitioner claims that enforcement of the appellate waiver would amount to a miscarriage of justice. "The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy". *Roane v. Koch Indus.,* 103 F. Supp. 2d 1286, 1289 (D. Kan. 2000). The Tenth Circuit found that the waiver of appellate rights was enforceable; however, neither *Booker* nor *Blakely* were raised on direct appeal. (Doc. 58). Out of an abundance of caution the Court apply the *Hahn* factors to determine if the waiver is enforceable in light of these recent cases. *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in law, issues disposed of on direct appeal will not be considered in a 2255 collateral attack).

Enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. The fourth factor is satisfied when there is an error that "seriously affects the

fairness, integrity, or public reputation of judicial proceedings." *Id.; see United States v. Olano*, 507 U.S. 725, 732 (1993). The petitioner has the burden to show that enforcement of the waiver in the plea agreement would result in a miscarriage of justice. *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner does not claim the Court relied on race nor does he claim ineffective assistance of counsel. Petitioner argues that the subsequent *Blakely* and *Booker* decisions render his sentence unconstitutional and therefore in excess of the statutory maximum. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S. _, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). The Tenth Circuit has already stated that "defendant's sentence of 87 months is well below the statutory maximum of 40 years". (Doc. 58). Petitioner fails to explain how either *Booker* or *Blakely* change the Circuit's finding on direct appeal. Hence, the Court also finds that in light of these cases, Petitioner's sentence is still below the statutory maximum.

Petitioner also argues that, in light of *Booker* and *Blakely*, the Court violated his Sixth Amendment rights by applying the two level enhancement. Even assuming *arguendo* that it was error under *Booker* or *Blakely* to enhance his offense level by two, Petitioner cannot show that this error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1329.

The Court found that Petitioner had a criminal history of III and an offense level of 27 which has a Guideline range of 87-108 months. U.S.S.G. § 5A. Petitioner was sentenced on the low end of that Guideline range to 87 months. However, Petitioner argues that the Guideline range should have been 70-87 months because his offense level should have been 25. Petitioner's argument is unpersuasive because his current sentence of 87 months fits within the very guideline range he suggests. See U.S.S.G. § 5C1.1(a)

(A sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range); see also *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003) (on plain error review, when applying the proper rule would not result in significant reduction in the length of an erroneous sentence it will not merit reversal). Therefore, even if there was a sentencing error, it is not substantial enough to be a miscarriage of justice. Accordingly, Petitioner's waiver of appellate rights is enforceable.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 60) be DISMISSED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 should be and hereby is DENIED.

SO ORDERED this 13th day of June, 2005.

       s/ Wesley E. Brown

       Wesley E. Brown, Senior U.S. District Judge